UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 26-123 MJD/DJF |
| | **INDICTMENT** |
| Plaintiff, | |
| | 18 U.S.C. § 1349 |
| | 18 U.S.C. § 1344 |
| v. | 18 U.S.C. § 1028A |
| | 18 U.S.C. § 2 |
| (1) WILLIE ROY TURNER JR., | |
| a/k/a "J.S.B." and "Little Willie," | |
| (2) MARC ANDERSON, | |
| a/k/a "K.T.C." and "Sam Smith," | |
| (3) BILLY RAY CAMERON JR., | |
| a/k/a "J.A.M.," | |
| (4) DEVONTAY COLBERT, | |
| a/k/a "J.A.M.," | |
| (5) DONTAE WILLIAMS, and | |
| a/k/a "F.O.A.," | |
| (6) TAKIYA SHEMWELL, | |
| | |
| Defendants. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

## INTRODUCTION

1.      At all times relevant to this Indictment:

a.      Defendant WILLIE ROY TURNER JR. was a resident of Minneapolis, Minnesota.

b.      Defendants MARC ANDERSON, BILLY RAY CAMERON JR., DEVONTAY COLBERT, and DONTAE WILLIAMS were friends of TURNER JR. who came to the Minneapolis area regularly.

SCANNED
JUN 2 4 2026
U.S. DISTRICT COURT MPLS

U.S. v. Willie Roy Turner Jr., et al.

c.      Defendant TAKIYA SHEMWELL was a resident of Chicago, Illinois and an employee of the United States Postal Service at its Cardiss Collins facility. SHEMWELL was authorized to access the United States mail in her role and stole and misappropriated business checks placed in the United States mail.

d.      Bank of America, Bell Bank, BMO Harris, US Bank, Wells Fargo, Central Bank, Columbia Bank, Key Bank, and The State Bank & Trust were all financial institutions in the State and District of Minnesota whose accounts were insured by the Federal Deposit Insurance Corporation.

e.      The Business Victims were companies located outside of Minnesota who did business throughout the United States.  The Business Victims were the payors or the intended payees on checks that were stolen from the United States Mail between January 2022 and September 2024.

f.      Arbor Financial Credit Union, Blaze Credit Union (formerly known as Spire Federal Credit Union), Hiway Federal Credit Union, Ideal Credit Union, Royal Credit Union, and Wings Financial Credit Union were all financial institutions in the State and District of Minnesota whose accounts were insured by the National Credit Union Administration.

### COUNT 1
(Conspiracy to Commit Bank Fraud)

2.      Paragraph 1 is incorporated by reference as if fully set forth herein.

3.      From at least in or about November 2022 to at least on or about September 2024, in the State and District of Minnesota and elsewhere, the defendants,

U.S. v. Willie Roy Turner Jr., et al.

**WILLIE ROY TURNER JR.,
MARC ANDERSON,
BILLY RAY CAMERON JR.,
DEVONTAY COLBERT, and
DONTAE WILLIAMS,**

did knowingly and wrongfully conspire, combine, confederate, and agree with each other, and with others known and unknown to the grand jury, to execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain moneys, funds, credits, securities, and other property owned by, or under the custody and control of, a financial institution, by means of material false and fraudulent pretenses, representations, or promises, in violation of Title 18, United States Code, Section 1349.

## OVERVIEW AND PURPOSE OF THE CONSPIRACY

4.      The purpose of the conspiracy was to obtain funds from banks and credit unions in the Twin Cities by depositing stolen checks in fraudulently opened bank accounts and withdrawing the funds.

5.      Defendants **TURNER JR., ANDERSON, CAMERON JR., COLBERT, and WILLIAMS** did so by opening and attempting to open fraudulent and unauthorized bank accounts in the name of the Business Victims at Twin Cities financial institutions.

6.      In opening and attempting to open the accounts, the conspirators posed as authorized representatives of the Business Victims, using fraudulent personal identification and documentation related to the Business Victims.  However, the

3

U.S. v. Willie Roy Turner Jr., et al.

defendants were not authorized representatives of the Business Victims and had no authority to conduct business on behalf of the Business Victims.

7.    The defendants, aided and abetted by each other and those known and unknown to the grand jury, then deposited or attempted to deposit stolen checks that were payable to or paid from the Business Victims into the accounts.

8.    The defendants, aided and abetted by each other and those known and unknown to the grand jury, then withdrew or attempted to withdraw the funds that were deposited into the accounts, either through cash withdrawals or the purchase of cashier's checks.  These transactions resulted in significant losses to the Business Victims and financial institutions, on account of the stolen nature of the checks.

### MANNER AND MEANS OF THE CONSPIRACY

9.    Defendants **TURNER JR., ANDERSON, CAMERON JR., COLBERT, and WILLIAMS** devised and carried out a fraud scheme by which they utilized stolen checks from the United States mail, paid from or payable to the Business Victims, to open fraudulent bank accounts, make deposits, and obtain cash and cashiers checks from banks and credit unions in the Twin Cities area.

10.    The defendants, aided and abetted by each other and others known and unknown to the grand jury, undertook the scheme by fraudulently registering the payee Business Victims as new Minnesota Limited Liability Corporations with the Minnesota Secretary of State.  They did so without authorization from the payee Business Victims.

U.S. v. Willie Roy Turner Jr., et al.

11.    The defendants, aided and abetted by each other and others known and unknown to the grand jury, then used the Limited Liability Corporation documents, including fraudulent Articles of Incorporation, to open and attempt to open bank unauthorized and fraudulent accounts in the name of the payee Business Victims at financial institutions in the Twin Cities.

12.    In opening the bank accounts, the defendants and their co-conspirators presented fraudulent identification, including driver's licenses, in the names of other individuals. They purported to be authorized representatives of the payee Business Victims. In fact, the defendants had no authorization to open bank accounts or conduct any activities on behalf of the Business Victims. In fact, the defendants had no authorization to open bank accounts or conduct any activities on behalf of the Business Victims.

13.    The defendants and their co-conspirators then utilized these fraudulently opened bank accounts to effectuate the scheme.

14.    The defendants and their co-conspirators then deposited or attempted to deposit the stolen checks from the Business Victims into the fraudulently opened bank accounts. After the funds cleared, the defendants and their co-conspirators withdrew the fraudulently obtained funds in the accounts through cash withdrawals or cashier's check purchases. In the case of cashier's check purchases, the defendants and their co-conspirators stole the proceeds by cashing the cashier's checks at local money services businesses.

U.S. v. Willie Roy Turner Jr., et al.

15.    Because the checks were stolen from the United States mail and frequently tied to business receivables, the Business Victims were unaware of the lost funds until after the checks had been stolen and negotiated.  As such, the deposits and withdrawals resulted in significant losses to the Business Victims or the financial institutions holding the check funds.

16.    In the course of their scheme, the defendants and their co-conspirators deposited or attempted to deposit Business Victim checks worth over $5.1 million dollars at Twin Cities financial institutions.  The defendants and their co-conspirators unlawfully stole over $1.5 million dollars in Business Victim funds through cash withdrawals and the purchase and cashing of cashier's checks.

All in violation of Title 18, United States Code, Sections 2, 1344, and 1349.

## COUNTS 2-6
### (Bank Fraud)

17.    Paragraphs 1 through 16 are realleged and incorporated by reference as though fully set forth herein.

18.    On or about the dates specified below, in the State and District of Minnesota and elsewhere, the defendants,

**WILLIE ROY TURNER JR.,
MARC ANDERSON,
BILLY RAY CAMERON JR.,
DEVONTAY COLBERT, and
DONTAE WILLIAMS,**

aided and abetted by others known and unknown to the grand jury, did knowingly and willfully devise and execute and attempt to execute a scheme and artifice to defraud financial institutions, and obtain moneys and funds under the custody and

6

U.S. v. Willie Roy Turner Jr., et al.

control of financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

19.    Paragraphs 4 through 16 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

20.    On or about the dates specified below, in the State and District of Minnesota and elsewhere, the defendants,

**WILLIE ROY TURNER JR.,**
**MARC ANDERSON,**
**BILLY RAY CAMERON JR.,**
**DEVONTAY COLBERT, and**
**DONTAE WILLIAMS,**

did knowingly execute and attempt to execute the scheme and artifice to defraud as follows:

| Count | Defendant | Date (on or about) | Description |
|---|---|---|---|
| 2 | TURNER JR. | February 25, 2023 | Withdrew $9,500 in cash at US Bank from the fraudulent bank account of Business Victim N.P.P. LLC. |
| 3 | ANDERSON | June 21, 2023 | Deposited a stolen check for $44,299.84 at Spire Federal Credit Union payable to Business Victim S.L. LLC and drawn on account of Business Victim B.D. LLC. |
| 4 | CAMERON JR. | June 14, 2023 | Deposited stolen check for $79,084.99 at Royal Credit Union payable to Business Victim S.N.I. LLC and drawn on account of Business Victim M.C.F. LLC. |
| 5 | COLBERT | July 14, 2023 | Deposited stolen check for $549.753.81 at Ideal Credit Union payable to Business Victim K.F.C. |

U.S. v. Willie Roy Turner Jr., et al.

| | | | and drawn on account of Business Victim M.I.G., Inc. |
|---|---|---|---|
| 6 | WILLIAMS | June 13, 2023 | Deposited stolen check for $34,932.00 at Spire Federal Credit Union payable to Business Victim C.S.S. and drawn from account of Business Victim D.T.S.S. |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS 7-11
(Aggravated Identity Theft)

21.    Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

22.    On or about the dates set forth below, in the State and District of Minnesota and elsewhere, the defendants,

**WILLIE ROY TURNER JR.,**
**MARC ANDERSON,**
**BILLY RAY CAMERON JR.,**
**DEVONTAY COLBERT, and**
**DONTAE WILLIAMS,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to the commission of bank fraud and aiding and abetting bank fraud, which is a felony violation enumerated in Title 18, United States Code, Section 1028(A)(c)(5), knowing that means of identification belonged to another person, as described below:

| Count | Defendant | Date (on or about) | Description |
|---|---|---|---|
| 7 | TURNER JR. | November 26, 2022 | Use of the name, Social Security number, and date of birth of victim J.S.B. to open an account at Wings Financial Credit Union. |

8

U.S. v. Willie Roy Turner Jr., et al.

| 8 | ANDERSON | June 20, 2023 | Use of the name, Social Security number, and date of birth of victim K.T.C. to open an account at Blaze Credit Union. |
| 9 | CAMERON JR. | June 13, 2023 | Use of the name, Social Security number, and date of birth of victim J.A.M. to open an account at Royal Credit Union. |
| 10 | COLBERT | July 12, 2023 | Use of the name, Social Security number, and date of birth of victim J.A.M. to open an account at Ideal Credit Union. |
| 11 | WILLIAMS | June 14, 2023 | Use of the name, Social Security number, and date of birth of victim F.O.A., to open an account at Royal Credit Union |

All in violation of Title 18, United States Code, Section 1028A(1).

## COUNT 12
(Conspiracy to Commit Mail Fraud)

23.    Paragraphs 1 through 22 are incorporated by reference as if fully set forth herein.

24.    From in or about January 2022 through in or about January 2024, in the State and District of Minnesota and elsewhere, the defendants,

**WILLIE ROY TURNER JR.,
BILLY RAY CAMERON JR., and
TAKIYA SHEMWELL,**

did knowingly and willfully conspire, confederate, and agree with each other and others known and unknown to the grand jury to obtain money or property by means of false or fraudulent pretenses, representations or promises by committing mail fraud, in violation of Title 18, United States Code, Section 1341.

U.S. v. Willie Roy Turner Jr., et al.

## OVERVIEW AND PURPOSE OF THE CONSPIRACY

25.    The purpose of the conspiracy and the scheme was to defraud the Business Victims of funds by stealing and taking the Business Victims' checks, which had been placed in authorized United States mail depositories at the United States Postal Service's Cardiss Collins facility in Chicago, Illinois and other postal facilities.

26.    It was a further part of the conspiracy and the scheme to defraud that members of the conspiracy received the stolen checks from SHEMWELL and transported the checks from Chicago to Minneapolis, Minnesota. There, members of the conspiracy, aided and abetted by each other and others known and unknown to the grand jury, enriched themselves through the fraudulent negotiation of the checks.

## MANNER AND MEANS OF THE CONSPIRACY

27.    Defendant SHEMWELL undertook the conspiracy and scheme to defraud by identifying business mail pieces from within the United States mail at the United States Postal Service Cardiss Collins facility in Chicago, Illinois. She then stole business mail pieces from the United States mail which contained checks paid from or payable to the Business Victims.

28.    SHEMWELL specifically sought to identify and take from the United States mail those mail pieces which contained high-value checks. She then sold the Business Victims' checks to defendants TURNER JR. and CAMERON JR., as well as other conspirators known and unknown to the grand jury, in exchange for payments via CashApp.

10

U.S. v. Willie Roy Turner Jr., et al.

29.    Defendants TURNER JR and CAMERON JR. undertook the conspiracy and scheme to defraud by receiving the stolen checks from SHEMWELL and transporting the stolen checks to Minnesota. There, they shared the stolen checks with other co-conspirators and with each other and negotiated the stolen checks in the name of the Business Victims at financial institutions in the Twin Cities.

30.    In the course of their scheme to defraud, the defendants stole and took checks from the United States mail worth over $1.1 million dollars. This resulted in losses to the Business Victims or their financial institutions of over $550,000.

All in violation of Title 18, United States Code, Sections 1349 and 2.

## FORFEITURE ALLEGATIONS

31.    Counts 1 through 6 and 12 of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

32.    Upon conviction of any of Counts 1 through 6 or 12 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of sections 1341, mail fraud, and 1344, bank fraud.

33.    If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

11

U.S. v. Willie Roy Turner Jr., et al.

A TRUE BILL

_____          _____

UNITED STATES ATTORNEY                    FOREPERSON